UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Cardiovascular Systems, Inc.,

    Plaintiff,

v.                                                      Civil No. 07-3749 (JNE/SRN)
                                                        ORDER

Dr. Leonid Shturman,

    Defendant.

Cardiovascular Systems, Inc. f/k/a Shturman Cardiology Systems, Inc., America (CSI) brought this action on August 20, 2007, against Dr. Leonid Shturman. The parties later settled the matter and judgment was entered pursuant to Court order. On August 21, 2009, Shturman brought a Motion to Reopen and for Injunctive Relief. For the reasons stated below, the Court denies Shturman's motion.

## I.     BACKGROUND

CSI filed a demand for arbitration against Shturman Medical Systems, Inc. (SMS) on August 16, 2007. The arbitration demand alleged that SMS breached a 1998 stock purchase agreement with CSI by not transferring to CSI certain intellectual property and know-how developed by Shturman and Dmitri Proudnikov related to "an atherectomy device having counterbalance weights on either side of the abrasive enlarged section of the drive shaft." CSI then brought this action against Shturman, alleging that he breached his employment agreement with CSI by failing to assign to CSI the same intellectual property and know-how identified in the arbitration demand. Shturman subsequently answered and counterclaimed against CSI, Proudnikov, and three additional counterdefendants. The arbitrator issued an award on May 5, 2008, determining that SMS breached the stock purchase agreement by failing to transfer to CSI "[c]ertain know-how, comprised of one or more counterbalance weights on or near the abrasive

1

element of the drive shaft (the Counterweight Invention)." In response to the arbitration award, the parties agreed to settle this action. Before the magistrate judge on September 4, 2008, CSI's counsel read into the record the "terms of the settlement." Those terms included Shturman's admission that he was not the author or owner of the Counterweight Invention; Shturman's reservation of the right to argue that the Counterweight Invention is "separate and distinct from any inventions or know how described in one or more patent applications [and their] corresponding counterparts in the United Kingdom or individual European countries";[1] and CSI's reservation of the right to argue that the Counterweight Invention was incorporated in one or more patent applications. The Court issued an order on October 10, 2008, dismissing the action with prejudice, excluding the counterclaims, pursuant to a stipulation executed by CSI and Shturman. The stipulation and order did not refer to the settlement agreement. Judgment was entered on October 14, 2008. On January 9, 2009, the Court, after being advised that the entire action had been resolved, ordered dismissal "with prejudice, along with any counterclaims," and reserved "jurisdiction for forty-five (45) days to permit any party to move to reopen the action, for good cause shown, or to submit and file a stipulated form of final settlement, or to seek enforcement of the settlement terms." The forty-five days expired without a motion to reopen the action or to enforce the settlement.

On July 21, 2009, CSI brought a claim against Shturman in the Civil Court of the cantonal Tribunal of the Canton of Vaud, Switzerland (Switzerland action). The Switzerland action alleges that the 1998 stock purchase agreement and Shturman's employment agreement with CSI require assignment to CSI of a pending European patent application that was identified

---

[1] The settlement agreement identified, but did not limit its scope to, patent applications W02006/126176US11/919686EP20060745024, W02006/126175US11/919687EP20060745023, and W02006/126076US11/920463EP20060755908.

at the September 4, 2008, hearing. Defendant brought the present motion on August 21, 2009, asking the Court to "reopen this matter and for an injunction to enforce the Court's orders for dismissal entered on October 10, 2008, and January 9, 2009, and barring [CSI] from relitigating against Dr. Shturman in Switzerland or any other jurisdiction the claims that the Court dismissed in its orders for dismissal in this matter." Specifically, Shturman contends that by agreeing to dismiss this case with prejudice, CSI expressly abandoned any claim that Shturman must assign or transfer any patent or patent application to CSI. On September 2, 2009, the Court requested supplemental briefing on its authority to issue the requested relief. Having received submissions from both parties, the Court now addresses Shturman's motion.

## II.     DISCUSSION

"It is a verity that federal courts are courts of limited jurisdiction." *Ark. Blue Cross & Blue Shield v. Little Rock Cardiology Clinic, P.A.*, 551 F.3d 812, 816 (8th Cir. 2009). "While a district court's jurisdiction typically ends when a case is closed and judgment entered, a district court retains ancillary jurisdiction to 'manage its proceedings, vindicate its authority, and effectuate its decrees.'" *Jenkins v. Kan. City Mo. Sch. Dist.*, 516 F.3d 1074, 1081 (8th Cir. 2008) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 380 (1994)). This is referred to as "ancillary enforcement jurisdiction." *See Myers v. Richland County*, 429 F.3d 740, 746 (8th Cir. 2005). As part of this ancillary enforcement jurisdiction, a district court retains jurisdiction to enforce a settlement agreement only if "the dismissal order states that the district court is retaining jurisdiction over the agreement or the court incorporates the terms of the agreement into an order." *Jenkins*, 516 F.3d at 1081 (citing *Kokkonen*, 511 U.S. at 381). Here, Shturman does not contend that the Court retained jurisdiction beyond forty-five days or incorporated the settlement agreement into its October 10, 2008, and January 9, 2009, orders.

3

Indeed, Shturman expressly denies that he is seeking enforcement of the settlement agreement. Rather, Shturman argues that CSI is precluded by *res judicata* and collateral estoppel from pursuing the Switzerland action. According to Shturman, the Court's jurisdiction to issue a foreign antisuit injunction derives from the All Writs Act and the Court's "inherent authority to enforce its own orders of dismissal with prejudice." Shturman's argument, however, does not appreciate the significance of the fact that the Court issued the dismissal orders in response to the settlement of the action and the parties' stipulations of dismissal.

The All Writs Act authorizes federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a) (2006). This authorization does not provide an independent basis for federal jurisdiction. *Goss Int'l Corp. v. Man Roland Druckmaschinen Aktiengesellschaft*, 491 F.3d 355, 364 (8th Cir. 2007) (citing *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 31 (2002)). Nevertheless, "a federal court may exercise ancillary enforcement jurisdiction to prevent a [non-federal] court action from contravening a decree that the federal court has previously issued." *Little Rock Cardiology Clinic*, 551 F.3d at 817; *see also Goss*, 491 F.3d at 359 ("[F]ederal courts have the power to enjoin persons subject to their jurisdiction from prosecuting foreign suits." (quotation marks omitted)); *Canady v. Farm Bureau Town & Country Ins. Co.*, 282 F.3d 1005, 1013 (8th Cir. 2002) (federal court "has jurisdiction to issue an injunction to protect an issue necessarily decided in a prior case"); 13 Charles Alan Wright et al., *Federal Practice and Procedure* § 3523.2 (3d ed. 2008) ("Federal courts have the power to enjoin parties from prosecuting suits in foreign countries."). Stated differently, "federal courts have continuing jurisdiction, grounded in the concepts of *res judicata* and collateral estoppel, to enjoin a party properly before them from relitigating issues in a non-federal forum that were already decided in

federal court." *Karaha Bodas Co. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, 500 F.3d 111, 129 (2d Cir. 2007) (citations and quotation marks omitted). When a case is dismissed pursuant to a settlement agreement, the terms of the agreement identify the issues that were decided. *Cf. Norfolk S. Corp. v. Chevron, U.S.A., Inc.*, 371 F.3d 1285, 1291 (11th Cir. 2004) ("[A] settlement agreement entered into in the context of a voluntary dismissal with prejudice . . . should be interpreted according to its express terms, rather than according to traditional principles of *res judicata*."); *Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 289 (2d Cir. 2002) ("[W]here a stipulation of settlement is unaccompanied by findings, it does not bind the parties on any issue which might arise in connection with another cause of action." (quotation marks omitted)); *Amadeo v. Principal Mut. Life Ins. Co.*, 290 F.3d 1152, 1159 (9th Cir. 2002) ("A voluntary dismissal of a claim prior to any adjudication and without any stipulated findings of fact does not actually litigate any issue."); *NSM Res. Corp. v. Target Corp.*, Civ. No. 07-2501, 2008 U.S. Dist. LEXIS 99634, at *7 (D. Minn. Dec. 3, 2008) ("Where a dismissal with prejudice is based on a stipulation between the parties, principles of *res judicata* apply in a modified form to the matters specified in the settlement agreement rather than the claims in the original complaint."). As a result, it is meaningless to distinguish between a court's ancillary enforcement jurisdiction "to enforce its own orders of dismissal" in a case dismissed pursuant to a settlement agreement and its ancillary enforcement jurisdiction to ensure compliance with a settlement agreement. Shturman's only avenue for relief is through enforcement of the settlement agreement.

Any other conclusion would abrogate *Kokkonen*. The parties in *Kokkonen* orally agreed on the record before the district court to settle all claims and counterclaims. 511 U.S. at 376. Thereafter, the parties executed, and the district court signed, a stipulation and order of dismissal

5

with prejudice. *Id.* at 376-77. The stipulation and order did not refer to the settlement agreement or reserve jurisdiction in the district court. *Id.* at 377. Nevertheless, the district court and court of appeals determined that federal jurisdiction existed to address the defendant's subsequent motion to enforce the settlement agreement pursuant to a federal court's "inherent power." *Id.* On review, the Supreme Court characterized the motion as "a claim for breach of a contract [i.e., the settlement agreement], part of the consideration for which was dismissal of an earlier federal suit." *Id.* at 381. Because the district court did not "embody the settlement contract in its dismissal order," and no independent basis for federal jurisdiction existed, the Court reversed. *Id.* at 382.

Under Shturman's characterization of a federal court's ancillary enforcement jurisdiction, any time a court entered an order dismissing a case pursuant to the parties' stipulation, the court would retain jurisdiction to "enforce" that order. Thus, a federal court facing facts identical to those in *Kokkonen* would have continuing jurisdiction over the case solely because it entered an order of dismissal. A federal court's ancillary enforcement jurisdiction is not so broad. *See id.* at 377 ("It is presumed that a cause lies outside [of a federal court's] limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction."). Therefore, because Shturman acknowledges that the Court's orders of dismissal did not expressly retain continuing jurisdiction beyond forty-five days or incorporate the settlement agreement, the Court determines that it lacks ancillary enforcement jurisdiction over this matter.

### III. CONCLUSION

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED that Shturman's Motion to Reopen and for Injunctive Relief [Docket No. 63] is DENIED.

Dated: September 28, 2009

s/ Joan N. Ericksen  
JOAN N. ERICKSEN  
United States District Judge

7